Filed 9/8/23  P. v. Avila CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ADRIAN AVILA, JR.,<br><br>        Defendant and Appellant. | A167257<br><br>(Del Norte County<br>Super. Ct. Nos. CRPB 2022-5089,<br>CRPB 2022-5091) |

Appellant Adrian Avila, Jr. (appellant) appeals from the judgment entered following his no contest pleas to possession of a stabbing instrument by a prisoner (Pen. Code, § 4502, subd. (a))[1] and indecent exposure with a prior conviction for the same (§ 314).  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record, find no arguable issues, and affirm.

BACKGROUND

Appellant is an inmate at Pelican Bay State Prison.  In July 2022, in case number CRPB 2022-5089, the Del Norte County District Attorney filed a

_____

[1] All undesignated statutory references are to the Penal Code.

1

complaint charging appellant with three separate violations of section 314, indecent exposure. As to each of the three counts, the complaint alleged that appellant was convicted of the same offense in 2008. The complaint also alleged appellant had three prior strike convictions.

In August 2022, in case number CRPB 2022-5091, the Del Norte County District Attorney filed an amended complaint charging appellant with two violations of section 4502, subdivision (a), possession of a stabbing instrument by a prisoner. The complaint also alleged appellant had three prior strike convictions.

In October 2022, appellant entered into a plea agreement resolving both cases. He agreed to plead guilty to one of the weapon possession counts in case number CRPB 2022-5091, with a midterm sentence of three years to be served consecutive to his current prison term. In case number CRPB 2022-5089, he agreed to plead no contest to one of the indecent exposure counts, with a concurrent two-year sentence. All remaining charges and the strike allegations would be dismissed. Appellant completed a declaration memorializing the agreement and acknowledging the various rights he would give up by entering the plea.

At a hearing, appellant pled no contest to the two charges (rather than guilty) after acknowledging his constitutional rights and the potential consequences of his plea. Appellant also admitted he was previously convicted of indecent exposure. He affirmed he had not "taken any drugs or medicine or anything that would interfere with [his] ability to understand the proceedings." The prosecutor explained that the weapons possession charge was based on a correctional officer's discovery of an "inmate-manufactured weapon" on appellant's person and that the indecent exposure charge was based on an incident during which appellant masturbated in front of a female

correctional officer. The trial court found appellant had "freely, voluntarily, knowingly, and intelligently waived his rights, understands the nature of the charges, and possible consequences, and that there is a factual basis for . . . accepting the plea."

At the outset of the December 2022 sentencing hearing, defense counsel told the court that appellant "tentatively wanted to withdraw his plea." But appellant changed his mind upon learning the prosecutor had stated she would not bring charges for other "pending referrals" if appellant did not withdraw his plea.

The trial court sentenced appellant to a three-year term for the weapon possession and a two-year concurrent term for the indecent exposure charge. Based on a finding of inability to pay, the court did not impose any fines or fees other than a section 1202.45 parole revocation fine.

On February 6, 2023, appellant filed a notice of appeal, indicating he was challenging the validity of his plea. He requested a certificate of probable cause, stating through counsel, "I hope you can assist me in withdrawing my plea on the P.C. 314 case since there was never any evidence and that case doesn't even meet the criteria for a P.C. 314." The trial court denied the request.

On February 16, 2023, appellant filed an "amended" notice of appeal. He requested a certificate of probable cause, stating, "I was just diagnosed with some mental health issues at the time of my no-contest plea and was given a higher level of care (EOP) enhanced out patient status. So my mind frame was unstable at the time of the no-contest plea. I am now on medication to keep me stable. I want to withdraw my no-contest plea based on the aforementioned." The request was denied.

## DISCUSSION

Appellant's guilty plea restricts the scope of the appeal before us. Because he did not obtain a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.)

We have reviewed the entire record and have found no arguable appellate issues. We do not consider claims based on appellant's assertions about the validity of his plea in his notice of appeal because he was denied a certificate of probable cause. Although appellant "tentatively" expressed interest in moving to withdraw his plea prior to sentencing, he ultimately decided not to do so. The sentence imposed by the trial court was in accordance with the plea agreement.

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (See *People v. Kelly* (2006) 40 Cal.4th 106.) Appellant did not file a supplemental brief. There are no legal issues that require further briefing.

## DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A167257)